UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:15-CR-92-T-17AEP

CEDRICK CLARK.

_____/

ORDER

This cause is before the Court on:

Dkt. 76   Motion Requesting the Honorable Judge to
Notify the Government For Specific Performance/
Compel and File a Substantial Assistance Motion
Pursuant to Amended Rule 35(b), Fed. R. Crim. P.

Defendant Cedrick Clark, pro se, requests that the Court notify the Government to file a Rule 35(b) motion on behalf of Defendant Clark.

On May 6, 2016, Defendant Clark entered a plea of guilty to Count One (violation of 18 U.S.C. Sec. 371), Five (violation of 18 U.S.C. Sec. 1341) and Eight (violation of 18 U.S.C. Sec. 1028A) of the Indictment. (Plea Agreement, Dkt. 45). Defendant Clark was sentenced on November 17, 2016. Defendant Clark was sentenced to 102 months imprisonment (60 months as to Count One, concurrent with Count Five; 78 months as to Count Five, concurrent with Count One; 24 months imprisonment as to Count Eight, consecutive to Counts One and Five) ; a three-year term of supervised release as to Counts One and Five, and a one-year term of supervised release as to Count Eight, all concurrent; fine waived; restitution of $1,933,826.37, and a special assessment fee of $300. A forfeiture money judgment in the amount of $637,621.62 is part of the Final Judgment. At sentencing, Counts Two, Three, Four, Six, Seven and Nine of the Indictment were dismissed on the motion of the Government.

Case No. 8:15-CR-92-T-17AEP

The Plea Agreement provides:

> 9. <u>Cooperation - Substantial Assistance to be Considered</u>
> Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG Sec. 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. Sec. 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

(Dkt. 45, pp. 5-6).

Federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion to grant a remedy if they find that the refusal was based on an unconstitutional motive, like race or religion. A defendant who merely claims to

2

Case No. 8:15-CR-92-T-17AEP

have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even an evidentiary hearing. Judicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation. See Wade v. United States, 504 U.S. 181 (1992); United States v. Nealy, 232 F.3d 825 (11th Cir. 2000).

Defendant Clark does not allege or make any showing that the Government has refused to file a substantial assistance motion because of a constitutionally impermissible motivation.

After consideration, the Court denies pro se Defendant Clark's Motion Requesting the Honorable Judge to Notify the Government For Specific Performance/Compel and File a Substantial Assistance Motion Pursuant to Amended Rule 35(b)(2), Fed. R. Crim. P. Accordingly, it is

**ORDERED** that pro se Defendant Cedrick Clark's Motion Requesting the Honorable Judge to Notify the Government For Specific Performance/Compel and File a Substantial Assistance Motion Pursuant to Amended Rule 35(b)(2), Fed. R. Crim. P. (Dkt. 76) is **denied**. The Clerk of Court **shall provide** a copy of this Order by U.S. Mail to pro se Defendant Clark at the address below.

Case No. 8:15-CR-92-T-17AEP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 3rd day of January, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Cedrick Clark
Reg. No. 62210-018
Federal Correctional Complex Low
P.O. Box 1031
Coleman, FL 33521-1031